CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
NOV 12 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL A. MCCLANAHAN, ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> DIRECTOR OF THE ) <br> DEPARTMENT OF CORRECTIONS, ) <br> Respondent. ) | Civil Action No. 7:13-cv-00244 <br><br> MEMORANDUM OPINION <br><br> By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Michael A. McClanahan, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant Respondent's motion to dismiss because Petitioner procedurally defaulted his claims.

I.

A grand jury charged Petitioner with committing two felonies: a fourth or subsequent DUI within ten years, in violation of Virginia Code § 18.2-266 ("Count One"), and driving a vehicle while deprived of a license three times within ten years for DUI convictions, in violation of Virginia Code § 18.2-272(A) ("Count Two"). The Commonwealth amended Count Two to charge Petitioner with driving on a license forfeited for DUI for a third time, in violation of Virginia Code § 46.2-391("Amended Count Two"). A jury found Petitioner guilty of Count One and Amended Count Two (collectively, "Crimes").

While a direct appeal was pending with the Court of Appeals of Virginia, Petitioner filed his first state habeas petition[1] with the Circuit Court, which dismissed the petition as procedurally

---

[1] All of Petitioner's state habeas filings were pro se.

barred under Slayton v. Parrigan, 215 Va. 27, 305 S.E.2d 680 (1974).[2] Petitioner did not appeal the dismissal to the Supreme Court of Virginia.

Petitioner subsequently filed a second state habeas petition with the Circuit Court, and while that petition was pending, Petitioner filed a third state habeas petition with the Supreme Court of Virginia. Ultimately, the Circuit Court dismissed the second state habeas petition as procedurally defaulted,[3] and the Supreme Court of Virginia dismissed the third state habeas petition as successive and also refused the appeal of the second state habeas petition.[4]

Petitioner argues five main claims in the instant federal habeas petition:[5]

1. The indictments for the Crimes are void;
2. The Commonwealth used perjured testimony from Deputy Shortridge;
3. Petitioner was denied the right to a fair trial by an impartial jury;
4. Petitioner's counsel were ineffective; and
5. The Circuit Court did not replace appellate counsel.[6]

After reviewing the state court record and the federal petition, I find that Petitioner procedurally defaulted all his claims.

## II.

All of Petitioner's claims were either not previously presented to the Supreme Court of Virginia or were presented and dismissed as procedurally defaulted under Slayton or under

---

[2] Slayton precludes a Virginia court from reviewing a non-jurisdictional claim in a petition for a writ of habeas corpus when that claim could have been presented at trial and on appeal but was not.

[3] Specifically, the Circuit Court dismissed all but one claim of ineffective assistance of counsel as barred by Slayton v. Parrigan, 215 Va. 27, 305 S.E.2d 680 (1974), and dismissed all claims, including the one ineffective assistance of counsel claim, as successive, pursuant to Virginia Code § 8.01-654(B)(2).

[4] The Supreme Court of Virginia also denied a petition for rehearing in each proceeding.

[5] I note that Petitioner cannot hint at new claims for habeas relief in a response to a motion to dismiss and expect a court to make Petitioner's case for him. See, e.g., Rule 2(c)(1) of the Rules Governing § 2254 Cases (requiring all bases for habeas relief to be presented in the petition); United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

[6] I recognize that Petitioner placed claim 5 in his list of ineffective assistance of counsel claims, but I have more appropriately classified it as a separate claim because he alleges an error by the Circuit Court. Conduct that is entirely out of a counsel's control cannot be imputed to that counsel under the Sixth Amendment.

2

Virginia Code § 8.01-654(B)(2) as successive.[7] See 28 U.S.C. § 2254(b) (requiring exhaustion); Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (presenting a state law claim to the state court that is similar to a federal claim does not exhaust the federal claim); Anderson v. Harless, 459 U.S. 4, 6-7 (1982) (requiring a petitioner to present both the same argument and factual support to the state court prior to filing the claim with a federal court); see also Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (noting habeas courts should look through summary affirmances to the "last reasoned decision" to determine whether a state procedural rule bars habeas review). Petitioner would no longer be permitted to return to the Supreme Court of Virginia to present the unexhausted claims. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (treating an unexhausted claim as technically exhausted if the claim would be procedurally barred under state law if now presented in state court); VA. CODE § 8.01-654(A)(2) (barring petitions filed beyond the limitations period); id. § 8.01-654(B)(2) (barring successive petitions based on claims that could have been raised in a prior petition); see also Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997) (recognizing Virginia's bar on successive petitions qualifies as adequate and independent); O'Dell v. Netherland, 95 F.3d 1214, 1243 (4th Cir. 1996) (recognizing Virginia's habeas statute of limitations qualifies as adequate and independent).

The claims that were presented to the Supreme Court of Virginia via the second and third state habeas petitions were all explicitly dismissed as procedurally defaulted under either Slayton

---

[7] I recognize that presenting a claim for the first time in a petition for discretionary review to a state appellate court is insufficient to exhaust state remedies. Castille v. Peoples, 489 U.S. 346, 351 (1989); see Green v. Dir., Va. Dep't of Corr., No. 7:11-cv-00146, 2011 U.S. Dist. LEXIS 78080, at *15 n.*, 2011 WL 2947047, at *6 n.* (W.D. Va. July 19, 2011) (Conrad, J.) (applying Castille and finding a federal habeas claim that was presented to the Supreme Court of Virginia for the first time via a habeas appeal to be unexhausted). Furthermore, Petitioner cannot to exhaust a claim by raising it for the first time in a petition for rehearing to the Supreme Court of Virginia. Hedrick v. True, 443 F.3d 342, 365 n.1 (4th Cir. 2006). Moreover, Petitioner cannot merely rely on "vague whispers" of a federal claim or assert that the "totality of facts and legal arguments asserted" in state habeas pleadings sufficiently apprised the Supreme Court of Virginia that he was making a specific claim. Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994).

3

or Virginia Code § 8.01-654(B)(2), which are adequate and independent state procedural rules.[8] See, e.g., Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir. 2000); Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). Consequently, Petitioner has procedurally defaulted both his exhausted and unexhausted claims.

Petitioner fails to establish cause and prejudice or a fundamental miscarriage of justice to excuse the procedural defaults. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (describing procedural default); Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995) (recognizing a court does not need to consider the issue of prejudice in the absence of cause). A review of the state court record establishes that no fundamental miscarriage of justice occurred, and I decline Petitioner's invitation to re-evaluate the credibility of trial witnesses on federal habeas review. See, e.g., McCleskey v. Zant, 499 U.S. 467, 494 (1991) (noting a fundamental miscarriage of justice exists when a constitutional violation probably has caused the conviction of one innocent of the crime); Marshall v. Lonberger, 459 U.S. 422, 434 (1983) (stating federal habeas review does not redetermine the credibility of witnesses).

---

[8] The state courts' determinations that claims were successive under Virginia Code § 8.01-654(B)(2) is an inherent finding that all of the facts on which the petition was based were either known or available to Petitioner and no external factor existed to excuse the failure to present these claims in the first state habeas petition. Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989); see Barnes v. Thompson, 58 F.3d 971, 974-75 (4th Cir. 1995) (recognizing that such a finding is entitled to a presumption of correctness is rebutted only if the finding is not fairly supported by the record); Stockton v. Murray, 41 F.3d 920, 924-25 (4th Cir. 1994) ("Even if [Petitioner] had not actually raised or known of the[] claims previously, he still cannot establish cause to excuse his default if he should have known of such claims through the exercise of reasonable diligence."). Before filing the first state habeas petition, Petitioner knew, or should have known by exercising reasonable diligence, that he did not have a preliminary hearing; the Circuit Court allowed the Commonwealth to nolle prosequi and amend the indictments; the evidence did not support the convictions; and the Deputy gave false testimony about intercepting, interacting with, and arresting Petitioner. Petitioner knew by the time he filed the second state habeas petition that he caused the appellate attorney to withdraw from representation after the Court of Appeals of Virginia denied the direct appeal. Furthermore, Petitioner complained in state habeas proceedings that appellate counsel did not file an appeal in the Court of Appeals of Virginia, not that he failed to appeal to the Supreme Court of Virginia, which is what he alleges in the instant petition. Consequently, the state record before the Supreme Court of Virginia demonstrated that Petitioner did not previously allege all claims in prior habeas petitions although he could have.

None of Petitioner's various allegations of trial court error constitute cause. The amendments to the indictments were properly made without any undue surprise to Petitioner, and no basis existed to challenge the amendments on appeal.[9] The transcript reveals that the Circuit Court did not prevent trial counsel from impeaching Deputy Shortridge, as Petitioner alleges, and no basis existed to challenge the Circuit Court's statements on appeal.[10] Petitioner also alleges that the Clerk of the Circuit Court and the court reporter committed fraud by not ensuring that the entire trial transcript was transmitted to the Court of Appeals of Virginia and that this "fraud" prevented appellate counsel from arguing that the woman whose vehicle Petitioner was driving at the time of the arrest should not have been in the jury. However, the woman was excused from the venire and was not seated as a juror.[11]

None of Petitioner's various allegations of counsel error constitute a "substantial" ineffective assistance of counsel claim. See Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309, 1316, 1318 (2012) (noting that a petitioner must show that the underlying ineffective assistance of trial counsel claim used to excuse a procedural default must be "substantial" by having "some merit"). A petitioner claiming ineffective assistance of counsel must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's

---

[9] Furthermore, deficiencies in state court indictments "are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985). No such deficiency exists in the state court proceedings, and the trial did not constitute a deprivation of due process.

[10] After the Commonwealth objected to trial counsel's question to Deputy Shortridge as "asked and answered," the Circuit Court responded, "I think [the Deputy] answered the question and of course you can call whatever . . . you know you can put on whatever evidence you deem appropriate[. . . .] [F]or clarification purposes, I'll let the officer answer the question[. . . .] [s]o it's clear for the record." (Tr. 126:7-19).

[11] Furthermore, Petitioner's baseless accusation of "fraud" is not entitled to an assumption of truth. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting a claimant's basis for relief requires more than labels and conclusions).

representation fell below an objective standard of reasonableness.[12] Strickland, 466 U.S. at 687-88. The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different."[13] Id. at 694.

Counsel had no basis to object to the lack of a preliminary hearing because Petitioner was directly indicted after a nolle prosequi, and Petitioner was not prejudiced from the nolle prosequi because he could have still been directly indicted even if the nolle prosequi was denied.[14] See, e.g., Couser v. Cox, 324 F. Supp. 1140, 1141 (W.D. Va. 1971) (Dalton, J.); Wright v. Commonwealth, 52 Va. App. 690, 699-707, 667 S.E.2d 787, 791-95 (2008) (en banc). Although Petitioner argues that counsel failed to discuss the evidence with him or show the evidence to him, he does not establish how his review of the evidence could have caused a reasonable probability of a not guilty verdict. Counsel had no valid basis to object to the Commonwealth amending Count Two because Virginia law permits liberal amendments of indictments to avoid unnecessary delay, Petitioner received a continuance each time the amendments occurred, and the nature and character of the charges remained consistent through all the amendments. See, e.g., Powell v. Commonwealth, 261 Va. 512, 533, 552 S.E. 2d 344, 356 (2001); Yeager v. Commonwealth, 16 Va. App. 761, 764-65, 433 S.E.2d 248, 250 (1993).

---

[12] "[A]n attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998). Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. "[E]ffective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

[13] If a petitioner has not satisfied one prong of the Strickland test, a court does not need to inquire whether he has satisfied the other prong. Strickland, 466 U.S. at 697.

[14] Furthermore, Petitioner's alleged deprivation of a preliminary hearing, pursuant to Virginia Code § 19.2-218, is a matter of state law, and "[m]atters of state law not involving federal constitutional issues are not appropriate grounds for federal habeas corpus relief." Hailey v. Dorsey, 580 F.2d 112, 115 (4th Cir. 1978). The alleged deprivation does not constitute cause, and Petitioner does not establish that not having the preliminary hearing constitutes a violation of due process guaranteed by federal law.

Petitioner does not explain why trial counsel should have requested a continuance when he entered an appearance thirty days before the trial about a DUI and driving on a forfeited license, particularly since trial counsel said immediately before the trial began that he was "ready to go forward."

Petitioner also complains that trial counsel filed a motion in limine to exclude evidence that an outstanding arrest warrant existed when Petitioner was stopped for DUI. Petitioner argues that trial counsel should have argued that Deputy Shortridge stopped Petitioner for the arrest warrant, not for driving erratically. However, the trial record established that Deputy Shortridge stopped Petitioner for an inoperable headlight while driving at night, and trial counsel's strategic decision to exclude prejudicial evidence that did not support Petitioner's theory of the case is entitled to deference. See Strickland, 466 U.S. at 689-91 (finding that federal habeas court cannot second guess counsel's reasonable strategic choices).

Petitioner argues that trial counsel should have struck for cause: four jurors who had difficulty hearing; a juror who correctly acknowledged during voir dire that the Commonwealth was not required to prove its case in chief beyond all doubt; a juror whose aunt's granddaughter was the prosecutor's wife; and a juror whose store Petitioner visited and with whom Petitioner had a disagreement. The Circuit Court explained that hearing devices would be provided and the jurors could raise their hands whenever they could not hear; both the Commonwealth and the Circuit Court explained to the jury that the Commonwealth must prove the case beyond a reasonable doubt; and the jurors assured under oath that they could be impartial.[15]

---

[15] None of Petitioner's objections to these jurors involved per se bases to strike for cause, and Petitioner does not present any evidence that the jurors were, in fact, not impartial. See Townsend v. Commonwealth, 270 Va. 325, 331, 619 S.E.2d 71, 74-75 (2005) (requiring the dismissal of venire members who were current clients of the counsel at trial or whose immediate relative would testify).

7

Petitioner also fails to explain prejudice from his allegation that trial counsel prevented him from testifying or failed to present any defense. If Petitioner had testified, the Commonwealth would have asked him about his other felony convictions during the guilt phase of trial. Petitioner's proffered testimony, including his admission that he told Deputy Shortridge that he had consumed nearly two cans of beer while driving, certainly supports a decision by trial counsel to dissuade Petitioner from incriminating himself. See Hutchins v. Garrison, 724 F.2d 1425, 1436 (4th Cir. 1983) (noting legal advice about whether a criminal defendant should testify is a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance). Petitioner does not establish that any viable defense was available or establish how such a defense could have caused a reasonable chance of a not guilty verdict. Furthermore, the record evinces trial counsel's reasonable trial strategy of relying on cross-examination, motions to strike, and closing arguments in light of Petitioner's proffered testimony that he should be found innocent because he did not know it was illegal to drink beer while driving. Petr.'s Resp. 13; see Strickland, 466 U.S. at 689-91 (finding that federal habeas court cannot second-guess counsel's reasonable strategic choices).

Petitioner cannot establish prejudice for his argument that appellate counsel failed to ensure that all transcripts were available to the Court of Appeals of Virginia because that court resolved the sole appellate issue about the motion in limine without needing transcripts. Petitioner's argument that appellate counsel abandoned the direct appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia is meritless. After the Court of Appeals of Virginia denied Petitioner's appeal, Petitioner wrote the Circuit Court, "I have already sent a letter to [appellate counsel] advising him I was requesting the court to appoint new legal counsel and that all the information or evidence he may have to be given to either my new attorney or to

me." Instead of abandoning an appeal, appellate counsel adhered to Petitioner's request that he should no longer be involved in Petitioner's case after the Court of Appeals denied the appeal and before anyone noted an appeal to the Supreme Court of Virginia.

Petitioner generally alleges that appellate counsel improperly advised him "that all post-conviction remedies available [. . .] had been exhausted in the trial court although they were not."[16] Although Petitioner mentions a motion for a new trial and a petition for a writ of actual innocence, he does not have a constitutional right to post-conviction counsel to file these requests. See, e.g., Coleman, 501 U.S. at 752; Pennsylvania v. Finely, 481 U.S. 551, 555 (1987). Accordingly, none of Petitioner's arguments establish cause and prejudice, and Petitioner procedurally defaulted all of his claims.

### III.

For the foregoing reasons, I grant Respondent's motion to dismiss. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Petitioner and counsel for Respondent.

ENTER: This 12th day of November, 2013.

Jackson L. Kiser
Senior United States District Judge

---

[16] Petitioner does describe specifically what appellate counsel advised about which particular post-conviction remedy that was supposedly no longer available in the Circuit Court. Notably, Petitioner filed his first state habeas petition with the Circuit Court pro se while appellate counsel was still pursuing the direct appeal with the Court of Appeals of Virginia.